IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOLLEN ADRIENNE LINGARD          )
                                 )
                Plaintiff,        )
                                 )
     -vs-                        )          Civil Action 19-471
                                 )
ANDREW M. SAUL,                  )
                                 )
                Defendant.        )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Hollen Adrienne Lingard ("Lingard") seeks review of a decision denying her claim for supplemental security income under Titles XVI of the Social Security Act, 42 U.S.C. § 1382c. Lingard alleges an onset of disability of June 30, 2015. (R. 122) Her claim was denied initially. Following a video hearing during which Lingard and a vocational expert ("VE") appeared and testified, the ALJ denied benefits.  Ultimately this appeal followed. The parties have filed Cross Motions for Summary Judgment. *See* ECF Docket Nos. 10 and 12. For the reasons set forth below, the ALJ's decision is affirmed.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When

reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* *312 F.3d 113, 118 (3d Cir. 2002)*. Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* *55 F.3d 900, 901 (3d Cir. 1995)*, *quoting* *Richardson v.* *Perales,* *402 U.S. 389, 401 (1971)*. Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* *786 F.2d 178, 183 (3d Cir.* *1986)* (*citing* *Kent v. Schweiker,* *710 F.2d 110, 114 (3d Cir. 1983)*). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  *42 U.S.C. §405(g)*; *Dobrowolsky v. Califano,* *606* *F.2d 403, 406 (3d Cir. 1979)*; *Richardson,* *402 U.S. at 390, 91 S. Ct. 1420*.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* *995 F.Supp. 549, 552 (E.D. Pa. 1998)*; *S.E.C. v. Chenery* *Corp.,* *332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)*. Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have

decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

The ALJ denied benefits at the fifth step of the analysis. More specifically, at step one, the ALJ found that Lingard has not engaged in substantial gainful activity since the alleged onset date. (R. 124) At step two, the ALJ concluded that Lingard suffers from the following severe impairments: hypertension, cardiomyopathy, congestive heart failure, asthma, chronic obstructive pulmonary disease (COPD), obesity, major depressive disorder, and an anxiety disorder. (R. 124-125) At step three, the ALJ determined that Lingard did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 125-127) Between steps three and four, the ALJ decided that Lingard had the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 127-131) At the fourth step of the analysis, the ALJ concluded that Lingard was unable to perform her past relevant work. (R. 131) Ultimately, at the fifth step of the analysis, the ALJ concluded that, considering Lingard's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that she could have performed. (R. 131-132)

III. Discussion

(1) Step Two – Severe Impairments

As stated above, at the second step of the analysis, the ALJ must assess whether the claimant has a medically determinable impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii) "The severity test at step two is a '*de*

*minimis* screening device to dispose of groundless claims.'" *McCrea v. Commissioner of Social Security*, 370 F.3d 357, 360-61 (3d Cir. 2004) (citations omitted). An impairment is severe if it significantly limits a claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §404.1520(c); 20 C.F.R. § 1521(a). If a claimant is found to have a severe impairment, the analysis proceeds to the next step. Here, Lingard challenges the ALJ's findings with regard to what were medically determinable impairments and what impairments were "severe."

Specifically, Lingard urges that the ALJ erred in finding that her bipolar disorder and seizure disorder were not medically determinable impairments. After careful consideration, I find that Lingard's arguments amount to mere disagreement with the ALJ's decision. She points to medical records in support of her position but fails to acknowledge the evidence that contradicts her position and which was relied upon by the ALJ. My task here is not to re-weigh the evidence but to determine whether substantial evidence supports the ALJ's decision. *See Perkins v. Barnhart*, 79 Fed. Appx. 512, 514-515 (3d Cir. 2003) ("Perkins's argument here amounts to no more than a disagreement with the ALJ's decision, which is soundly supported by substantial evidence.") The ALJ cites to substantial record evidence indicating that Lingard was diagnosed with major depressive disorder rather than bipolar disorder[1] and that she had no ongoing treatment for a seizure disorder.[2] Nor am I convinced that the ALJ erred in

---

[1] Lingard relies upon a record from a 2017 hospitalization which references "bipolar 2 disorder, major depressive disorder." (R. 1387-88) That notation is authored by Dr. Ryan Bierkortte. Yet, on the discharge paperwork from that same hospitalization, the record indicates only major depressive disorder as noted by the ALJ. Significantly, Dr. Bierkortte acknowledged, on this discharge, "I personally examined this patient and directed their care. I reviewed this note and with my edits agree with it in its entirety." (R. 1348)

[2] References to a seizure disorder, or syncope, were simply included in Lingard's medical records as "past medical history." (R. 713, 717, 725, 1007, 1040, 1044, 1048, 1052, 1337 and 1342) As the ALJ observed, Lingard "has not subsequently been work up for, diagnosed with, or treated for a seizure disorder." (R. 124-25)

not finding that PTSD and / or adjustment disorder constitute medically determinable impairments. The evidence to which Lingard cites all discuss "past medical history." There is no indication that either condition is ongoing or that she is being treated for either PTSD or an adjustment disorder as a current condition. Consequently, I find no error in the ALJ's decision not to include them as medically determinable impairments.

I also reject Lingard's contention that the ALJ erred in discounting the severity of her major depression and anxiety. In fact, the ALJ found that each condition constituted a severe medically determinable impairment. (R. 124) Lingard faults the ALJ for disregarding certain evidence concerning her conditions but acknowledges that "some of the Mercy Behavioral Health records were not available to the ALJ…." *See* ECF Docket No. 11, p. 11 n. 2.[3] Lingard does not ask this Court to remand based upon the "new" evidence. Rather, she insists that the ALJ ignored evidence in the record at that time regarding her depression and anxiety. As set forth below, I reject Lingard's argument and find that substantial evidence of record supports the ALJ's finding.

(2) Step Three – Listings

Lingard contends that the ALJ erred in finding that her mental conditions do not meet or equal the severity of listings 12.04 and 12.06. Lingard's argument is unpersuasive for several reasons. First, she does not identify specifically what part of the ALJ's analysis was erroneous. The ALJ made numerous findings under both paragraphs B and C of Listing 12.04 and 12.06.  Yet Lingard does not explain how the ALJ's findings regarding

---

[3] Indeed, these records were first submitted to the Appeals Council. The Appeals Council reviewed the additional 110 pages from mercy Behavioral Health dated February 1, 2017 through November 14, 2017 but concluded that the evidence did not show a reasonable probability that it would change the outcome of the decision. (R. 1-2) My review of an ALJ's decision is limited to the evidence that was before him. I cannot look at the post-decision evidence. 42 U.S.C. § 405(g).

the ability to understand, remember, or apply information; to interact with others; to concentrate, persist or maintain pace; to adapt or manage oneself was not supported by substantial evidence of record. Nor does she describe how the ALJ's findings regarding her alleged "marginal adjustment" were erroneous. Nor does she identify precisely how her mental impairments satisfied the requirements of either paragraphs B or C. Second, she focuses upon records which she insists supports her claim.[4] The question before me is not whether substantial evidence of record supports Lingard's contentions. This is not a *de novo* review of evidence. "Substantial evidence could support both Plaintiff's claims and the ALJ's finding because substantial evidence is less than a preponderance." *Jesurum v. Sec'y of U.S. Dep't. of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995) … If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims." *Hundley v. Colvin*, 2016 WL 6647913, * 2 (W.D. Pa. Nov. 10, 2016) (*citations omitted*). I find that substantial evidence of record supports the ALJ's findings regarding Listings 12.04 and 12.06. As the ALJ noted, Lingard has only mild and moderate limitations with respect to the paragraph B criteria and, with respect to the paragraph C criteria, the record does not include any indication that she has a "marginal adjustment" as a result of her mental impairments. (R. 126, 637-39, 660-62, 681-90, 706-10, 1341-56) Consequently, I find no basis for remand.

(3) Residual Functional Capacity

---

[4] As set forth elsewhere in this Opinion, Lingard urges that records from Mercy Behavioral Health support her contention that her major depression and anxiety were severe. Yet, as Lingard concedes, the ALJ did not have access to the vast majority of these documents. They were only supplied to the Appeals Council, which determined that the new evidence did not show a reasonable probability of changing the outcome of the ALJ's decision.

Next Lingard urges that the RFC analysis was not supported by substantial evidence of record. Again, Lingard's contentions are unpersuasive. Her argument is premised upon the success of her assertions at Step Two. That is, in formulating an RFC, an ALJ must consider all of a claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his analysis. 20 C.F.R. § 404.1545(a)(2). According to Lingard, the ALJ should have included the conditions of bipolar disorder, seizure disorder, PTSD and adjustment disorder in formulating the RFC. Yet, as set forth above, substantial evidence supports the ALJ's conclusion that those conditions do not constitute medically determinable impairments. As such, the ALJ was not required to consider them in formulating the RFC.[5]

(4) Hypothetical

Finally, Lingard contends that the ALJ relied upon an inaccurate hypothetical. She reasons that the hypothetical was premised upon the formulation of a faulty RFC. It is well-established that a hypothetical question must include all of a claimant's "credibly established limitations." *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). Here, the ALJ posed a hypothetical to the VE which accurately reflected the limitations set forth in the RFC. As stated above, substantial evidence supports the ALJ's formulation of the RFC. Consequently, the ALJ did not err in posing the hypothetical or in relying upon the VE's response that an individual with such limitations could perform the representative unskilled, light jobs such as a garment sorter, shirt folder, and marker. (R. 132, 151). As such, remand is unwarranted.

---

[5] Lingard also urges that the ALJ erred in his assessment of opinion evidence. This argument consists of 6 sentences and is bereft of citation to case law or the record. It is wholly undeveloped and I decline to consider it for this reason. *See Pennsylvania v. U.S. Dept. of Health and Human Services*, 101 F.3d 939, 945 (3d Cir. 1996) (conclusory assertions are not enough and arguments presented in such a fashion are waived).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOLLEN ADRIENNE LINGARD      )
           Plaintiff,     )
   -vs-               )        Civil Action No. 19-471
                  )
ANDREW M. SAUL,         )
                  )
     Defendant.      )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 20th  day of April, 2020, it is hereby ORDERED that the Plaintiff's

Motion for Summary Judgment (Docket No. 10) is DENIED and the Defendant's Motion

for Summary Judgment (Docket No. 12) is GRANTED. It is further ORDERED that the

Clerk of Courts mark this case "Closed" forthwith.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

8